UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN KOLCUN,

        Plaintiff,                    Case No. C2-04-CV-1079
                                           JUDGE GREGORY L. FROST
    v.                                        Magistrate Judge Abel

NATIONWIDE INS. CO.,

        Defendant.

**OPINION & ORDER**

        Currently before the Court for consideration are two motions filed by Defendant Nationwide Insurance Company ("Nationwide"). The first is a motion to reconsider the Court's May 24, 2006 Opinion & Order (Doc. # 44) that granted in part and denied in part Nationwide's motion for summary judgment. (Doc. # 45). The second is a motion for leave to file a reply to Plaintiff Steven Kolcun's ("Kolcun") memorandum in opposition to Nationwide's motion for reconsideration. (Doc. # 48). Kolcun opposes both motions. (Doc. # # 47, 49).

        Nationwide filed its motion for reconsideration on June 5, 2006. (Doc. # 45). Because of the impending June 27, 2006 final pre-trial conference, and certain that the parties wanted the motion resolved quickly so that the parties could complete their preparations in accordance with the Court's final pre-trial order, the Court issued an expedited briefing schedule that specifically disallowed Nationwide from filing a reply. (Doc. # 46). Nationwide elected to ignore that portion of the Court's order, and instead filed a motion for leave to file a reply, arguing that a reply was necessary because Kolcun's memorandum in opposition "not only mischaracterize[d] the record facts but the scope of the law applicable to his claims." (Doc. # 48 at 3).

1

The Court is well-versed with both the applicable law and the facts of this matter.  As such, the Court **DENIES** Nationwide's motion for leave to file a reply (Doc. # 48) and shall instead focus on the briefs of the parties as they pertain to Nationwide's motion for reconsideration.

Nationwide urges the Court to reconsider its May 24, 2006 Opinion and Order pursuant to Fed. R. Civ. P. 59(e).  (Doc. #45 at 1).  The Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration; however, courts routinely treat such motions as motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).  *Marrah v. Boord*, Case No. 2:01-cv-1120, 2005 U.S. Dist. LEXIS 25098, at * 6 n.3 (S.D. Ohio 2005) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).

A motion to amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).  Rule 59(e) is not to be used to simply relitigate issues previously addressed by the Court.  A motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.  *American Textile Mfrs. Institute, Inc. v. The Limited, Inc*., 179 F.R.D. 541, 547 (S.D. Ohio 1997).  The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court.  *See Huff*, 675 F.2d at 122.

The Court has reviewed the motion and memorandum in opposition.  Nationwide makes no claim that a change has occurred in controlling law or that evidence not previously available has now become available.  Instead, Nationwide simply reargues matters addressed in the initial

briefing in this case and previously considered by the Court.  (Doc. # 45 at 1-13).  In brief:

> the motion simply expressed disagreement with my decision, and treated my ruling and order, in effect, as though they were an opponent's brief, the rationale of which was subject to refutation, rather than, as a judicial order, entitled to acknowledgment. The motion presented no basis on which it could, or should have been granted. It was, from the outset, an exercise in futility. But it still required a response from defendant and review and a ruling by me. As a result, the defendant's resources and my time were wasted.

*Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).  Thus, the Court **DENIES** Nationwide's motion for reconsideration.

The Court's final pre-trial conference and trial will take place as previously scheduled. The Court notes that the deadline has passed for filing motions *in limine*; consequently, the Court will not entertain any such motions.  *See* Doc. # 9 (referring parties to Judge Frost's webpage for information on Trial Procedure - Civil Jury Trials).

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT COURT**